**UNITED STATES of America,**
Appellee,

v.

**Irving A. BERK, doing business as Berk Trade School, Appellant.**

**No. 14, Docket 33239.**

United States Court of Appeals
Second Circuit.

Argued Sept. 9, 1969.

Decided Sept. 17, 1969.

tion in plumbing to eligible veterans in 1949, 1950 and 1951, and the United States to pay the cost on the basis of a specified rate per hour of instruction per veteran.

Judge Zavatt found that the United States had overpaid $93,595.62, principally because the School had furnished the Government with erroneous information which formed the basis of an overgenerous hourly rate for the contract years 1950 and 1951.[1] Since the United States had previously set off approximately $72,000 it owed the School, judgment against the School was entered only in the amount of $21,399.59 plus interest from 1963, when the action was commenced. Judge Zavatt denied the Government's claim for interest from the date of demand in 1954 because of the delay in seeking recovery.

The rate of payment to the School under the 1950 and 1951 contracts was $1.05 per hour. This figure was arrived at by using 1949 School costs and student hours. There is substantial evidence to support the finding of the trial court that the Government fixed the rate at $1.05 because of the School's representation that student hours in 1949 were 68,426, while the actual hours were 90,279.5. This resulted in an hourly rate in the later two years some 22 cents too high because the rate formula called for division of the School's 1949 costs by 1949 student hours; i. e., dividing the School's 1949 costs by the false figure of 68,426 provided an hourly rate of $1.05, while dividing by the correct figure of 90,279 changed the rate to about 83 cents. The latter figure was used by the trial judge to compute the overcharge. At trial, defendant introduced no evidence at all, preferring to rest on the assumption that plaintiff had not proved defendant's fraud or unjust enrichment, plaintiff's two announced theories. Judge Zavatt concluded that it was unnecessary to find either since an overpayment based upon honest error

Abraham Reingold, Brooklyn, N. Y. (Glabman & Rubenstein, Brooklyn, N. Y., on the brief), for appellant.

Norman G. Knopf, Atty., Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Washington, D. C.; Vincent T. McCarthy, U. S. Atty., for the Eastern District of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Appellant Irving A. Berk, doing business as Berk Trade School, appeals from a judgment against him in favor of plaintiff United States in the sum of $21,399.59, after a non-jury trial before then Chief Judge Joseph C. Zavatt in the United States District Court for the Eastern District of New York. The basis of the suit was that the Veterans Administration had allegedly overpaid Berk Trade School under three contracts calling for the School to provide instruc-

---

1. The sum of $93,595.62 included $1,011.15 for overpayment under the 1949 contract because the School had billed the Government for 963 hours too many.

alone would make a case for the Government.

On these facts, this conclusion was correct if for no other reason than that the Veterans Administration was not authorized to pay rates which were not "fair and reasonable," which on this record these certainly were not. Roberts v. United States, 157 F.Supp. 849, 141 Ct. Cl. 340 (1958); cf. Sutton v. United States, 256 U.S. 575, 41 S.Ct. 563, 65 L.Ed. 1099 (1921). The applicable statute[2] prohibited payment where there was no customary cost of tuition—where the enrollment consisted of a majority of veterans and the course of instruction had not been given before June 1944— unless the charge was determined to be "fair and reasonable." The Regulations provided for determining "fair and reasonable" compensation on the basis of the institution's most recent cost data for the course involved, the number of students enrolled and the hours of instruction given. 38 C.F.R. § 21.530 (1949 ed.). The Regulations further provided that fair and reasonable compensation should not exceed the actual or estimated costs to the institution, plus a ten per cent profit. 38 C.F.R. § 21.530(b) (1949 ed.). As already indicated, a major misstatement in student hours for 1949 would establish an unduly high hourly rate. This would cause compensation at that rate in 1950 and 1951 to exceed costs plus allowable profit under the Veterans Administration formula, and that is what occurred here.[3]

Appellant claims that it was error for the court to decide the case on a theory that was neither pleaded nor litigated. While this contention would ordinarily be most appealing, it is not persuasive on these facts. The record shows that the issue whether incorrect information was furnished was actually litigated. The honest mistake—if that is all it was —clearly occurred and the sums paid

were far in excess of what the formula properly called for. Appellant makes no persuasive showing even now of what further relevant evidence he could adduce were he to go to trial again. Indeed, appellant neither sought to reopen the record in this non-jury case after the judge's allegedly surprising decision nor moved for a new trial. Appellant's further arguments that the evidence was otherwise insufficient or that there were errors in evidentiary rulings are without merit.

Judgment affirmed.

2. Public Law 266, 63 Stat. 631, 653–54 (1949).

3. The Government's revised hourly rate of almost 83¢ per hour included the same

percentage allowance for profit as the too-high $1.05 rate.